# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**547**

**CA 14-01994**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANTHONY BOTTOM, ALSO KNOWN AS
JALIL MUNTAQIM, PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

MICHAEL KUZMA, BUFFALO, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered December 26, 2013 in a CPLR article 78
proceeding.  The judgment, insofar as appealed from, denied the
petition in part.

It is hereby ORDERED that said appeal from the judgment insofar
as it exempts from disclosure the May 16, 2012 letter is unanimously
dismissed as moot, and the judgment is modified on the law by granting
that part of the petition seeking reasonable attorney's fees and other
litigation costs reasonably incurred by petitioner, and as modified
the judgment is affirmed with costs, and the matter is remitted to
Supreme Court, Wyoming County, to determine the amount of such
attorney's fees and litigation costs.

Memorandum:  Petitioner commenced this proceeding seeking, inter
alia, an order directing respondent to comply with his request for
documents under the Freedom of Information Law ([FOIL] Public Officers
Law art 6).  Respondent denied petitioner's request and thereafter
denied his administrative appeal in its entirety on the ground that
the documents sought were exempt from disclosure pursuant to Public
Officers Law § 87 (2) (a), (f) and (g).  In a prior order, Supreme
Court directed respondent "to provide petitioner's counsel with
affidavits or other proof supporting the application of the specific
exemptions for the information which was withheld."  Respondent then
disclosed the majority of the records requested.  The court thereafter
granted the petition to the extent that, with the exception of the May
16, 2012 letter to the Division of Parole from the New York County
District Attorney's Office, respondent was directed to provide access
for inspection and copying redacted copies of those documents
responsive to the FOIL request that had not previously been disclosed

to petitioner's counsel.

At the outset, we note that, inasmuch as petitioner has received a copy of the May 16, 2012 letter, his appeal from that part of the judgment exempting that letter from disclosure has been rendered moot (*see Matter of Usatynski v Daines*, 86 AD3d 914, 914-915). Contrary to petitioner's contention, we conclude that respondent was entitled to redact from certain documents the names of organizations that "if disclosed could endanger the life or safety of any person" belonging to such organizations (Public Officers Law § 87 [2] [f]; *see Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874, 875, *affd* 20 NY3d 1028, *rearg denied* 21 NY3d 974).

We agree with petitioner, however, that the court abused its discretion in denying, without explanation, that part of his petition seeking an award of reasonable attorney's fees and other litigation costs reasonably incurred in this proceeding. Petitioner satisfied the prerequisites for such an award pursuant to Public Officers Law § 89 (4) (c). Inasmuch as respondent ultimately provided all but one of the documents in the FOIL request, petitioner "substantially prevailed" within the meaning of the statute (§ 89 [4] [c]; *see Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 195-196; *Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 338). Further, respondent had no reasonable basis for its blanket denial of petitioner's request (*see* § 89 [4] [c] [i]). Indeed, respondent's contention that it had a reasonable basis for denying access to all of the requested documents is belied by its release of the majority of those documents when the court directed it to justify their nondisclosure (*see New York State Defenders Assn.*, 87 AD3d at 197). We conclude, therefore, that petitioner "has been subjected to the very kinds of 'unreasonable delays and denials of access' which the counsel fee provision seeks to deter" (*Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision*, 105 AD3d 1120, 1122). Thus, we modify the judgment by granting that part of the petition seeking an award of reasonable attorney's fees and other litigation costs reasonably incurred by petitioner, and we remit the matter to Supreme Court to determine the amount thereof.

Entered:  June 19, 2015                          Frances E. Cafarell
                                                  Clerk of the Court