■ In the Matter of SOUTH SHORE PRESS, INC., Appellant, v FRED HAVEMEYER et al., Respondents. [25 NYS3d 303]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of an attorney's fee and litigation costs, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered February 7, 2012, as, upon an order of the same court dated June 9, 2011, denied that branch of the petition which was for an award of an attorney's fee and litigation costs.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for an award of an attorney's fee and litigation costs is

granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of the attorney's fee and litigation costs to be awarded to the petitioner and, thereafter, the entry of an amended judgment.

On May 28, 2010, the petitioner made a request to the Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Town Trustees) pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) seeking certain of the Town Trustees' banking and financial records. Pursuant to Public Officers Law § 89 (3) (a), the Town Trustees were required to provide a written acknowledgment of the petitioner's FOIL request within five business days of its receipt. The petitioner's FOIL request was received on June 1, 2010. The Town Trustees, however, did not acknowledge the petitioner's FOIL request within the statutory time period. As a result, the petitioner submitted a FOIL appeal, requesting an explanation for the constructive denial of its FOIL request. In a letter dated June 30, 2010, the Town Trustees' counsel acknowledged receipt of the FOIL request, and informed the petitioner that the FOIL request "may be an unduly broad or voluminous request," and "would interfere with the day-to-day operations of an already heavily burdened department," and requested additional time to continue compiling responsive documents. The acknowledgment did not provide the approximate date when the FOIL request would be granted in whole or part, as required by Public Officers Law § 89 (3) (a).

In September 2010, the petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel the respondents to comply with its FOIL request, as well as an award of an attorney's fee and costs pursuant to Public Officers Law § 89 (4) (c). The Supreme Court concluded that the respondents' contentions that the requested documents fell within the statutory exemptions of Public Officers Law § 87 (2) (b) and (i) were "general and conclusory" and, therefore, insufficient. The court further found that the respondents' other reasons for denying access, the voluminous nature of the request and failure to exhaust administrative remedies, were either contrary to the mandates of FOIL or otherwise without merit. The court granted that branch of the petition which was to direct the respondents to comply with the FOIL request, and denied that branch of the petition which was for an award of an attorney's fee and costs. The petitioner appeals.

A court may award a reasonable attorney's fee and other litigation costs to a petitioner in a proceeding to review the

denial of a FOIL request where the petitioner has "substantially prevailed" in the proceeding, and "(i) the agency had no reasonable basis for denying access; or (ii) the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89 [4] [c]). The award of attorney's fees is intended to " 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL' " (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 338 [2011], quoting Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 492 at 5). Here, all of the statutory prerequisites for such an award have been satisfied (*see* Public Officers Law § 89 [4] [c]). Moreover, an award of an attorney's fee and costs pursuant to FOIL is particularly appropriate in this proceeding in order to promote the purpose of and policy behind FOIL. Specifically, in enacting FOIL, the legislature declared that "government is the public's business" and expressly found that "a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions" (Public Officers Law § 84). Accordingly, we remit this matter to the Supreme Court, Suffolk County, for a determination of the amount of the attorney's fee and costs to be awarded to the petitioner and, thereafter, the entry of an amended judgment (*see Matter of Bottom v Fischer*, 129 AD3d 1604, 1605 [2015]; *Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision*, 105 AD3d 1120, 1122 [2013]). Balkin, J.P., Dickerson, Hall and Roman, JJ., concur.