OPINION OF THE COURT
Henry F. Zwack, J.
In this CPLR article 78 proceeding involving a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [FOIL]) by petitioner Competitive Enterprise Institute (CEI) for the production of documents by respondent Attorney General, by a decision and order dated November 21, 2016, the court determined that the petitioner had substantially prevailed and that respondent had failed to fully explain the reason for denial of access and also failed to detail its search for the requested information (Common Interest Agreement [CIA]) (see 53 Misc 3d 1216[A], 2016 NY Slip Op 51687[U] [Sup Ct, Albany County 2016]). The court rejected the respondent’s conclusory assertions that the subject records fell within a statutory exemption, directed the respondent to provide within 30 days a response “that fully complies with the intent and purpose” of FOIL, and permitted the petitioner to make an application for fees and costs within 60 days—with a response by respondent within 30 days following—with the court to schedule a hearing on the issue upon the request of either party (2016 NY Slip Op 51687CU], *2).[1]
On December 21, 2016, respondent provided a supplemental response to petitioner’s FOIL request,[2] stating that after conducting a diligent search it found only one record responsive to the request. Respondent again asserted that the subject document (CIA) was exempt from disclosure “for one or more” of four different exemptions, without specifying which of the asserted exemptions applied or why, and, after determining that the document was in the public domain since August 2016, it provided the document (without waiving the applicability of the asserted exemptions) to the petitioner.
Now, petitioner moves for an order awarding attorney’s fees of $26,901.25 and costs of $466.72, and in support offers an affirmation by CEI attorney Anna St. John, together with supporting documentation including her time entries; and billing statements from Baker & Hostetler, together with copies of bi *571 ographies of its primary attorneys working on the matter (Mark Bailen and Elizabeth Schutte). In support of the requested award, petitioner argues that if it had not litigated this FOIL request, there would still be questions as to whether other records existed in response to its request. It also asserts that respondent never identified the actual exemption it was claiming privilege under, and only turned over the CIA document following the court’s decision and then only because it was by then in the public domain.
Respondent opposes the petitioner’s application for an award of fees, in sum arguing that petitioner did not substantially prevail in this article 78 proceeding, that it articulated a reasonable basis for denying access to the requested information, and that petitioner’s fee request is excessive and unreasonable. Respondent argues that petitioner failed to support the qualifications of its non-attorneys working on this matter, that the hourly rates for the attorneys are overstated/excessive and not consistent with fees customarily charged in the locality, and includes billings that are “excessive, duplicative or unnecessary to the conduct of this litigation.”[3]
Here, absent a request to reargue or renew (CPLR 2221)— which is not before the court—there is no purpose served by respondent’s instant attempt to argue that petitioner failed to substantially prevail or that petitioner has not met the statutory requirements to be entitled to an award of fees and costs under FOIL. The court determined both issues in the November 21, 2016 decision and order—including rejecting respondent’s “conclusory assertions that certain records fall within a statutory exemption” (2016 NY Slip Op 51687[U], *2) and also its argument that it had substantially complied with petitioner’s FOIL request—and thus law of the case now precludes any further examination of either argument (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
In determining an award of fees and costs in a FOIL proceeding, the court is mindful that “the decision whether to award such fees is discretionary even when the statutory prerequisites have been established” (Matter of Carnevale v City of Albany, 68 AD3d 1290, 1293 [3d Dept 2009]), that an “award of at *572 torney’s fees is intended to ‘create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL’ ” (Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d 929, 931 [2d Dept 2016] [internal quotation marks omitted], quoting Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [3d Dept 2011]), and that the award should be reasonable and take into consideration appropriate factors including “the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel’s experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation” (Shrauger v Shrauger, 146 AD2d 955, 956 [3d Dept 1989]).
From attorney St. John’s affidavit, it appears that petitioner CEI’s attorneys expended 58.75 hours, supported by 17.25 hours of paralegal and paraprofessional, and now seeks legal fees of $16,425 for only the 36.5 hours expended by St. John, with a requested hourly rate of $450. St. John tells the court that she is paid on a salary basis by CEI (without stating her salary), and that when she was employed in 2014 at another firm her billing rate exceeded $450 per hour. Although St. John’s education, training and professional experience[4] could amply support a billing rate of $450, the court notes that she was supervised by CEI’s general counsel, that Baker & Hostetler also represented CEI, and accordingly reduces her hourly rate to $300 and more in line with an hourly rate for an associate. On the issue of the number of hours expended by St. John, in the court’s view the hours are reasonable and to the extent that some of her work paralleled the work performed by Baker & Hostetler, it was not excessive or inappropriate.
Turning to the billings submitted by Baker & Hostetler, the court declines to award fees for the hours expended by its paralegals and paraprofessionals. Petitioner offered no supporting documentation for the court, beyond speculation, to make any determination on their training and experience and thus determine an appropriate hourly rate. Turning to the rates charged for the principal attorneys, Bailen and Schutte, each is well supported by their respective education, training and extensive professional experience. A review of the time *573 charged by the attorneys (22.5 hours for Bailen, 6.25 hours for Schutte) shows it to be reasonable and reflective of the nature and quality of the work performed.[5] Albeit respondent proposes that the court cap the attorney’s hourly rate at no more than $250—arguing that “local courts have recognized, prevailing rates even for experienced attorneys in the Capital District are far lower than rates charged Petitioner by its New York City- and D.C.-based counsel”—the court is not so inclined. Here, respondent was well aware that petitioner was represented by “New York City- and D.C.-based counsel” and also that the CIA document was in the public domain as early as August 2016. Thus, throughout, it was entirely within respondent’s ability to control or limit everyone’s costs—including the use of the court’s limited resources—by simply providing the CIA document before petitioner was compelled to commence the article 78 proceeding, and certainly provide confirmation that there were no other responsive documents before being directed by the court to provide a response that fully complied with FOIL.[6] On this record, and particularly towards encouraging respondent to make a good faith effort in complying with FOIL, the court declines respondent’s request to reduce an already discounted hourly rate. Any less would be counterproductive and unreasonable under the circumstances.[7]
However viewed, petitioner was entitled to a straightforward response by respondent—whether to “disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search” (Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [3d Dept 2013] *574 [internal quotation marks and citations omitted]). Instead, in the court’s view, respondent stonewalled, and as noted in the November 2016 decision and order baldly “asserted that the records fell within ‘one or more’ of [four] possible exemptions . . . [and completely failed] its obligation ‘to fully explain in writing . . . the reason for the denial of access’ ” (2016 NY Slip Op 51687[U], *1, citing Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885 [2009]). Thus, on account of respondent’s failure to either turn over the requested documents, or identify the applicable exemption and that the material requested fell squarely within that exemption (Matter of Carnevale, 68 AD3d at 1292), petitioner was required to commence this article 78 petition. It substantially prevailed, and it was only through the use of judicial process that it was able to obtain the required disclosure. Further, given respondent’s continued failure “to proffer more than conclusory assertions” as a basis for withholding the subject record (Matter of Jaronczyk v Mangano, 121 AD3d 995, 996 [2d Dept 2014])— and then only producing it after it was in the public domain— the court’s award of substantial attorney’s fees is particularly appropriate “in order to promote the purpose of and policy behind FOIL” (Matter of South Shore Press, Inc., 136 AD3d at 931).
For all of the above, the court approves an hourly rate for St. John of $300, and for the 36.5 hours expended awards the sum of $10,990. For Baker & Hostetler, the court approves an hourly rate of $450 for Bailen and hourly rate of $350 for Schutte, and awards fees of $9,387.50 ($12,476.25 less $3,088.75 for paralegals and paraprofessionals).
Accordingly, it is ordered and adjudged, that respondent shall pay to the petitioner the sum of $20,377.50 as counsel fees, with $466.72 in litigation costs, all within 30 days from the notice and entry of this decision and order.

. Neither party requested a hearing on the issue of fees.

. Affirmation by Michael Jerry, Esq., dated Dec. 21, 2016.

. For example, it argues that petitioner’s use of both in-house and. outside counsel resulted in duplicative and unnecessary work in responding to respondent’s essentially straightforward motion to dismiss, pointing to St. John expending 25 hours, plus Baker & Hostetler expending additional hours in opposition to a six page motion.

. The same hourly rate was also approved by another court (In re Transpacific Passenger Air Transp. Antitrust Litig., 2015 WL 4776946, 2015 US Dist LEXIS 106943 [ND Cal, Aug. 13, 2015, No. C 07-05634 CRB]).

. This court, depending on the matter, has approved hourly rates for partners and associates in the range of $275 to $450, including the higher rates in more complex matters including matrimoniáis, and lower rates in more straightforward real property and foreclosure actions. In any event, an hourly rate alone is not determinative of what is a reasonable fee. How well a party articulates the issues and makes use of judicial resources, more likely than not, can be the more compelling factors.

. Factors integral to an award of fees can include tactics taken by a party which “unnecessarily delayed resolution of [the] issues” (Siegal Law Offs., LLC v Tulin, 32 AD3d 596, 597 [3d Dept 2006]).

. Petitioner is seeking an award of fees for a total of 59 hours expended by both St. John and Baker & Hostetler, hardly an excessive request in the matter and not disproportionate to the 40.82 hours approved in a matter respondent cites in opposition (Matter of Chiaroscuro Found. v New York State Dept. of Health, Albany County, June 30, 2016, Hartman, J., index No. 3252-13).