Matter of Forsyth v City of Rochester (2022 NY Slip Op 04507)

Matter of Forsyth v City of Rochester

2022 NY Slip Op 04507

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

540 CA 21-01456

[*1]IN THE MATTER OF THEODORE FORSYTH, PETITIONER-RESPONDENT,
v
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT, RESPONDENTS-APPELLANTS. 

PATRICK BEATH, DEPUTY CORPORATION COUNSEL, ROCHESTER (STEPHANIE A. PRINCE OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
ROTH & ROTH, LLP, NEW YORK CITY (ELLIOT D. SHIELDS OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 18, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted petitioner's motion for leave to renew his request for attorney's fees and costs and, upon renewal, granted petitioner's request for attorney's fees and costs. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner made a request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) for certain video footage recorded by respondent Rochester Police Department (RPD) as part of its Body-Worn Camera (BWC) program. Respondents responded by providing petitioner, pursuant to their policy, access to a video consisting of fully blurred images with the audio removed. Respondents noted in their response that, if a less redacted copy was requested, the cost would need to be estimated by the BWC unit of RPD and such fees would need to be paid in advance to obtain the more precisely redacted video.
Petitioner pursued an administrative appeal of respondents' FOIL response, which petitioner considered a constructive denial of his request given respondents' blanket redaction of the entire video without any specific and particularized justification. Respondents responded to petitioner's administrative appeal by stating that petitioner had been provided with a copy of the video that included respondents' "standard blurring filter and audio redaction." Respondents criticized petitioner for pursuing an administrative appeal without first requesting an estimate, despite the language in the response stating that petitioner had to request an estimate for the cost of more precise blurring if he was unsatisfied. While respondents considered petitioner's administrative appeal "premature" because "nothing ha[d] been denied" given that respondents had "provided the full video with the standard blanket redactions with additional instructions as to next steps," they nonetheless proceeded to render a determination on the administrative appeal. Respondents further stated that, although petitioner had requested on administrative appeal that respondents release an unredacted version of the video, petitioner was entitled only to the video with redactions applied pursuant to the Public Officers Law. However, due to the specialized skill required to perform such redactions, prepayment for preparation of the video was required before it could be processed. Based on the estimated amount of work needed to fulfill the request, respondents informed petitioner that prepayment in the amount of nearly $300 would be required in advance of the redaction process.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel respondents to comply with his FOIL request by providing a complete, unredacted video except for any parts that fell within an exemption to disclosure under the law and to recover attorney's [*2]fees and costs pursuant to Public Officers Law § 89 (4) (c). Supreme Court concluded that Public Officers Law § 87 did not permit respondents to meet their FOIL obligations by providing a "blanket-blurred" video to petitioner; determined that respondents could charge a fee "directly related to the redaction of electronic records," provided the fee was not onerous; and remitted the matter to respondents for reconsideration, directing respondents to provide a privilege log to petitioner detailing which sections of the video must be redacted and the reason for such redaction.
Petitioner thereafter filed a notice of appeal and, following additional communication requesting that respondents comply with the order, petitioner moved for an order of civil contempt. Respondents, in an effort to resolve the contempt motion, wrote to petitioner's counsel enclosing a redaction log that provided numerous redactions for content such as faces of minors, names, addresses, and dates of birth. The court ultimately denied the motion, and petitioner appealed from the order denying the contempt motion as well.
On appeal, we agreed with petitioner that respondents may not charge petitioner a fee for the costs associated with their review or redaction of the BWC footage requested by petitioner (Matter of Forsyth v City of Rochester, 185 AD3d 1499, 1500 [4th Dept 2020]; see Comm on Open Govt FOIL-AO-18904 [2012]). We nonetheless rejected petitioner's further contention that the court should have decided his entitlement to the video footage without allowing respondents to reconsider the request, provide a privilege log, and ultimately comply with their statutory obligations, and we therefore concluded that petitioner's request for attorney's fees was premature at that juncture (Forsyth, 185 AD3d at 1500-1501). We also concluded that the court properly denied petitioner's contempt motion (id. at 1501).
Immediately following our decision in the prior appeals, petitioner's counsel emailed respondents' counsel requesting that respondents produce an unredacted video and, after respondents' counsel failed to respond, petitioner's counsel sent another email. Respondents eventually released the BWC footage to petitioner along with a redaction log. Respondents explained that the redactions, pursuant to Public Officers Law § 87 (2) (b), were limited to personal information only, e.g., dates of birth and residential addresses. Respondents dropped their claim that the personal privacy exemption required the redaction of names and faces of minors, and therefore produced the footage without such redactions.
Petitioner then renewed his request to recover attorney's fees and costs, and the court determined that respondents lacked a reasonable basis to deny petitioner's original FOIL request, that petitioner substantially prevailed in the proceedings, and that petitioner was therefore entitled to reasonable attorney's fees and costs pursuant to Public Officers Law § 89. Respondents appeal, and we now affirm.
As relevant to the issues on appeal, the statute provides that, in a CPLR article 78 proceeding reviewing the denial of a FOIL request, the court must assess against the agency involved the requesting party's reasonable attorney's fees and other litigation costs when the requesting party "has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89 [4] [c] [ii]).
Respondents contend that they never denied petitioner's FOIL request within the meaning of the statute because, in response to their release of a completely redacted and soundless video pursuant to their policy, petitioner failed to submit prepayment in compliance with the policy and instead commenced the instant proceeding. That contention is devoid of merit because the record establishes that respondents did, in fact, deny petitioner's FOIL request. Instead of providing a copy of the requested BWC footage, respondents—pursuant to a blanket redaction policy that did not involve an evaluation of whether any particular footage was exempt from disclosure—released to petitioner a completely blurred, entirely soundless video. Then, on administrative appeal, respondents refused petitioner's request to release all of the video and instead conditioned the release of a less redacted video with audio on prepayment of nearly $300. Those actions constituted a blanket denial of petitioner's request (see Matter of Bottom v Fischer, 129 AD3d 1604, 1604-1605 [4th Dept 2015]). Indeed, respondents acknowledged that their response to petitioner's request was pursuant to a policy of providing "a blanket redacted video to all requestors in the first instance" without determining whether such full nondisclosure of the images and audio was warranted under the law. That was an improper denial inasmuch as [*3]"blanket exemptions for particular types of [media] are inimical to FOIL's policy of open government" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]).
Next, respondents do not dispute on appeal that petitioner "substantially prevailed when respondents, during the pendency of this proceeding, disclosed the records sought in the FOIL request" (Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 504 [1st Dept 2021]; see Public Officers Law § 89 [4] [c] [ii]). Instead, respondents contend that they had a reasonable basis for denying petitioner's FOIL request pursuant to their prepayment redaction policy. We reject that contention.
Here, respondents "had no reasonable basis for [their] blanket denial of petitioner's request" as a matter of course without first reviewing the video to determine whether any information fell within a statutory exemption to disclosure (Bottom, 129 AD3d at 1605). "[A]n agency responding to a demand under [FOIL] may not withhold a record solely because some of the information in that record may be exempt from disclosure" (Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 18 NY3d 42, 45 [2011]). "Instead, to invoke one of the exemptions of section 87 (2), the agency must articulate 'particularized and specific justification' for not disclosing requested [records]" (Gould, 89 NY2d at 275, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]), and respondents failed to do so. Moreover, even if respondents had a reasonable basis for their prepayment redaction policy generally (cf. Comm on Open Govt FOIL-AO-18904 [2012]), the record establishes that they had no reasonable basis for applying that policy to petitioner's FOIL request. Respondents' contention that they had a reasonable basis for denying all access to a video without redaction absent prepayment of redaction costs is belied by their release of a largely unredacted video after the courts ordered them to reconsider the FOIL request and justify their nondisclosure (see Bottom, 129 AD3d at 1605). Indeed, respondents abandoned their claims that the personal privacy exemption required the redaction of faces and names. In the end, the only audio content requiring redaction related to addresses and dates of birth, and the only visual content requiring redaction related to brief depictions of driver's licenses and a patrol car monitor. The record thus establishes that, had respondents simply reviewed the BWC footage in the first instance for statutorily authorized redactions instead of denying petitioner's request by releasing a completely blurred and soundless video, respondents could have produced a video with minimal authorized redactions that fulfilled their statutory obligations and petitioner's FOIL request.
Based on the foregoing, we conclude that petitioner "has been subjected to the very kinds of unreasonable delays and denials of access which the counsel fee provision seeks to deter" (Bottom, 129 AD3d at 1605-1606 [internal quotation marks omitted]), and that the court properly ordered that petitioner is entitled to reasonable attorney's fees and other litigation costs.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court