Matter of Rupp Baase Pfalzgraf Cunningham LLC v City of Buffalo (2023 NY Slip Op 00796)

Matter of Rupp Baase Pfalzgraf Cunningham LLC v City of Buffalo

2023 NY Slip Op 00796

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND OGDEN, JJ.

1055 CA 21-01237

[*1]IN THE MATTER OF RUPP BAASE PFALZGRAF CUNNINGHAM LLC, PETITIONER-APPELLANT,
v
CITY OF BUFFALO, RESPONDENT-RESPONDENT. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. FEDERATION OF COUNSEL), FOR PETITIONER-APPELLANT. 
CAVETTE CHAMBERS, CORPORATION COUNSEL, BUFFALO (WILLIAM P. MATHEWSON OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 26, 2021 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, denied the request of petitioner for attorney's fees. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding to compel respondent to produce records requested by petitioner under the Freedom of Information Law (Public Officers Law art 6 [FOIL]), petitioner appeals from a judgment that, inter alia, denied its request for attorney's fees and litigation costs. We affirm.
A court may assess reasonable attorney's fees and other litigation costs against an agency in a FOIL proceeding where the requesting party "has substantially prevailed, and . . . the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89 [4] [c] [i]; see Matter of Maziarz v Western Regional Off-Track Betting Corp., 207 AD3d 1065, 1065 [4th Dept 2022], lv dismissed 39 NY3d 980 [2023]). "Even if the party meets those requirements, the award of attorney's fees and litigation costs remains discretionary with the court" (Maziarz, 207 AD3d at 1065). Additionally, a court "shall assess" reasonable attorney's fees and other litigation costs against an agency where the requesting party "has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (§ 89 [4] [c] [ii]). "The language of [that part of] the statute is mandatory and not precatory, [and thus the court must award fees and costs] if the statutory requirements are met" (Matter of Rauh v de Blasio, 161 AD3d 120, 127 [1st Dept 2018]). Here, even assuming, arguendo, that petitioner has substantially prevailed, we conclude upon our review of the record that, contrary to petitioner's contentions, Supreme Court did not abuse its discretion in denying its request for attorney's fees and litigation costs under the discretionary assessment provision of the statute (see § 89 [4] [c] [i]; Maziarz, 207 AD3d at 1066), and the court did not err in denying petitioner's request for such fees and costs under the mandatory assessment provision (see § 89 [4] [c] [ii]; cf. Forsyth v City of Rochester, 207 AD3d 1236, 1239-1240 [4th Dept 2022]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court