| |
|---|
| **Yiatin Chu v Community Educ. Council for Dist. One** |
| 2024 NY Slip Op 31358(U) |
| April 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151673/2021 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** 14 |
| | *Justice* | |

-------------------------------------------------------------------------------X

YIATIN CHU,

|  |  |
|---|---|
| **INDEX NO.** | 151673/2021 |
| **MOTION DATE** | 04/17/2024[1] |
| **MOTION SEQ. NO.** | 001 |

                                    Petitioner,

                    - v -

COMMUNITY EDUCATION COUNCIL FOR DISTRICT
ONE, NAOMI PENA,  in her official capacity as President of
Community Education Council for District One, and
DANIELLE SULLIVAN, in her official capacity as Records
Access Officer of Community Education Council for District
One,

**DECISION + ORDER ON
MOTION**

                                    Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001)1-16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

The petition seeking relief related to a Freedom of Information Law ("FOIL") request is

decided as described below.

**Background**

Petitioner explains that respondent Community Education Council for District One

("CEC") is a governing body for the New York City public schools in District One. She observes

that she is the parent of a child currently attending a school in the district. Petitioner alleges that

CEC held a regular meeting on July 15, 2020 that was held virtually due to the then-ongoing

---

[1] The Court recognizes that although this proceeding was only transferred to the undersigned this week, this proceeding has been pending for many years.  The Court therefore apologizes, on behalf of the Court system, for the inexcusable delay in the resolution of this proceeding.

[* 1]

COVID-19 pandemic. She contends that at the meeting, respondent Pena (the CEC president) referred to a complaint forwarded by a unit within the Department of Education alleging that petitioner "doxed" a high school student.

Petitioner insists she asked for a video recording of the meeting the next day and alleges that she communicated with various people over the next few weeks regarding this recording. She contends that she was told in August 2020 that CEC held a vote in their executive session denying her request for a copy of the video.

Petitioner then filed a FOIL request on August 28, 2020 for a copy of the meeting. She contends that she did not hear back and so she filed an appeal of this "constructive denial" on October 2, 2020. Again, petitioner insists that she received no response and so she filed the instant proceeding.

In its answer, respondents contend that they no longer have the recording. They observe that respondent Sullivan (the administrative assistant for CEC) typically recorded these virtual meetings. Respondents stress that at this particular meeting in July 2020, CEC decided to stop using this particular Zoom account due to cost concerns and so respondents stopped paying the bills for this account, which led to it being downgraded to a basic plan. They emphasize that they thought, however, that the meeting was recorded as it was their common practice to record these meetings.

Respondents contend that respondent Pena sought legal advice about turning over the recording after petitioner informally requested a copy and that she was still waiting for a response; they insist that is why respondent did not respond to petitioner's FOIL request. They add that on April 21, 2021, respondent Sullivan checked the relevant folder for the "abandoned"

**151673/2021   CHU, YIATIN vs. COMMUNITY EDUCATION COUNCIL**          **Page 2 of 6**
  **Motion No.  001**

2 of 6

Zoom account for CEC and could not find this recording.  They include screenshots to support this contention (*e.g.,* NYSCEF Doc. No. 29).

Respondents insist that they reached out to Zoom about this recording and were given a free trial license to search for the meeting on the cloud and could not find it.  They also claim that asked the Zoom representative to find the recording but that was also unsuccessful. Respondents maintain that they could not find the requested record after a diligent search.

In reply, petitioner insists that she was never told that the recording did not exist during her informal requests for a copy in the weeks following the meeting. She insists that she is entitled to recover legal fees under these circumstances. Petitioner demands $8,925.00 in legal fees (at an hourly rate of $350).

**Discussion**

As an initial matter, the Court finds that respondents properly certified that they do not possess the recording in question (*Rattley v New York City Police Dept.*, 96 NY2d 873, 875, 730 NYS2d 768 [2001]). That renders petitioner's request for a copy of the recording as moot; the Court cannot force respondents to turn over a recording they do not possess. The Court observes that it is unclear from this record whether respondents ever recorded the meeting in question.

The remaining issue here involves legal fees. FOIL provides that:

 "The court in such a proceeding: (i) may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time; and (ii) shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c]).

**151673/2021   CHU, YIATIN vs. COMMUNITY EDUCATION COUNCIL**                    **Page 3 of 6**
   **Motion No.  001**

3 of 6

[* 3]

There is no question that respondents failed to respond to the FOIL request in a timely manner under section (i) above; in fact, they did not respond at all until after this proceeding was commenced. The remaining factor is whether petitioner substantially prevailed. "A petitioner 'substantially prevails' under Public Officers Law § 89(4)(c) when it receives all the information that it requested and to which it is entitled in response to the underlying FOIL litigation" (*Competitive Enter. Inst. v Attorney Gen. of New York*, 161 AD3d 1283, 1286, 76 NYS3d 640 [3d Dept 2018] [internal quotations and citations omitted]).

Here, petitioner received the relevant information about the recording (that respondents apparently do not possess a copy) only after she commenced this litigation; she did not receive any response to her initial FOIL request. That is, respondents admit they ignored her FOIL request and her administrative appeal: "Respondents did not respond to Petitioner's administrative appeal, because they still had not yet received the requested legal advice" (NYSCEF Doc. No. 26, ¶ 50 [respondents' answer]). That they were waiting for legal advice is not a basis to completely ignore a FOIL request. Respondents could have easily acknowledged the request, stated they were waiting for legal advice and set an anticipated response date (as is the practice of many other governmental bodies).

Instead, respondents gave petitioner "the run around." They never acknowledged, even during her informal requests for the recording, that they did not have a copy of the meeting. They allegedly even told her that they voted to not give it to her, which clearly gave the impression to petitioner that they had it. In other words, they forced petitioner to bring a petition in order to get the critical information – information to which she was clearly entitled. "The award of attorney's fees is intended to create a clear deterrent to unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the

**151673/2021   CHU, YIATIN vs. COMMUNITY EDUCATION COUNCIL**
   **Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

requirements of FOIL" (*Matter of S. Shore Press, Inc. v Havemeyer*, 136 AD3d 929, 931, 25 NYS3d 303 [2d Dept 2016] [internal quotations and citations omitted]). The circumstances here demonstrate the fundamental purpose of FOIL. Petitioner was discussed at a public meeting and asked for the recording. After she filed her FOIL request, she should have been promptly provided with that recording or told that it did not exist. That is the whole purpose of the attorneys' fee provision, to get a governmental agency to do what they are supposed to do without making the requestor commence a proceeding in Supreme Court.

The Court makes no finding that there was "evidence tampering" as suggested by petitioner in reply although it is curious that respondents never mentioned that they did not possess a copy of the meeting until April 2021, many months after petitioner's informal demands and after her FOIL request in August 2020.

Because respondents ignored their obligations and forced petitioner to commence this proceeding, the Court therefore grants petitioner legal fees in the amount of $8,925.00 as requested (petitioner's counsel charged $350 per hour). This is an inherently reasonable amount of fees for a proceeding in New York County. As a point of reference, Big Law partners now charge nearly $2,000 an hour, with some charging up to $2,600 (Dan Roe, *Top Big Law Partners Are Earning More Than $2,400 Per Hour, as Rates Continue to Climb*, New York Law Journal, Jan. 10, 2024). Of course, a FOIL proceeding may not justify that high of an hourly rate; but the point is that $350 an hour for an attorney who has been practicing for 40 years (such as petitioner's counsel) is, on its face, a reasonable rate as is the total requested in this proceeding.

The Court observes that petitioner may request costs and disbursements by submitting a bill of costs to the County Clerk.

Accordingly, it is hereby

**151673/2021   CHU, YIATIN vs. COMMUNITY EDUCATION COUNCIL**                    **Page 5 of 6**
  **Motion No.  001**

[* 5]
5 of 6

ADJUDGED that the petition is granted only to the extent that petitioner is entitled to a judgment in her favor and against respondents in the amount of $8,925.00 plus costs and disbursements, and the Clerk shall enter judgment accordingly upon presentation of proper papers therefor.

| 4/18/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | **X** CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | DENIED | GRANTED IN PART | **X** OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151673/2021   CHU, YIATIN vs. COMMUNITY EDUCATION COUNCIL**
**Motion No.  001**

**Page 6 of 6**

6 of 6

[* 6]