**NYP Holdings, Inc. v New York City Police Dept.**

2024 NY Slip Op 31675(U)

May 13, 2024

Supreme Court, New York County

Docket Number: Index No. 159132/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>**HON. ARLENE P. BLUTH**</u>                        PART                    **14**

*Justice*

----------------------------------------------------------------------------X

NYP HOLDINGS, INC.,CRAIG MCCARTHY,

                         Petitioner,

                - v -

NEW YORK CITY POLICE DEPARTMENT, and
DERMOT F. SHEA, in his official capacity as
Commissioner of the New York City Police
Department, POLICE BENEVOLENT ASSOCIATION OF
THE CITY OF NEW YORK,

                     Respondents.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159132/2021 |
| **MOTION DATE** | 05/10/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82

were read on this motion to/for                   <u>ATTORNEY - FEES</u>   .

      Petitioners' motion for legal fees is decided as described below.

**Background**

      In this Freedom of Information Law ("FOIL") proceeding, petitioners sought police disciplinary records in connection with 144 separate FOIL requests. This Court granted the petition, in part, and directed respondent the New York City Police Department ("NYPD") to turn over the relevant records (NYSCEF Doc. No. 50). The Court, however, denied petitioners' demand for legal fees based on an Appellate Division, Fourth Department case (*id*. at 8-9).

      The Appellate Division, First Department reversed with respect to the legal fees issue and directed that this Court calculate the reasonable legal fees and costs (*NYP Holdings, Inc. v New York City Police Dept.*, 220 AD3d 487, 489 [1st Dept 2023]).

**159132/2021   NYP HOLDINGS, INC. ET AL vs. NEW YORK CITY POLICE DEPARTMENT ET AL**
  **Motion No.  003**

**Page 1 of 6**

Petitioners now move for reasonable legal fees and insist that they are due $290,575.01. They explain that this proceeding has involved extensive work as it involved 144 FOIL requests. Petitioners observe that although the FOIL requests were filed in June 2020, NYPD denied their requests at every stage, save for a single heavily redacted document produced in June 2021. They point out that respondent the Police Benevolent Association ("PBA") appealed this Court's initial ruling as did the NYPD (although the NYPD later withdrew its appeal but only after petitioners had opposed). Petitioners maintain that the PBA has filed a motion for leave to appeal for the Court of Appeals and they have filed opposition to that application.

Petitioners observe that they seek a discounted hourly rated for their legal work and that the number of hours they expended were reasonable. They explain that they expended hours pursuing agency appeals of the FOIL requests, commencing this proceeding and for the aforementioned appeal.

In opposition, NYPD contends that the amount charged is not reasonable. It argues that petitioners are not entitled to recover for any fees incurred for arguments advanced by the PBA, an intervenor in this proceeding, for which the NYPD did not join. That is, NYPD claims that the bills submitted by petitioners do not separate fees incurred for work incurred in response to the PBA's arguments as opposed to those argued solely by the NYPD. It claims that a hearing is required to isolate these fees.

NYPD also claims that petitioners are not entitled to seek fees for bringing this application as that constitutes fees on fees. It adds that the hourly rates charged and the hours expended were not reasonable. NYPD claims that it should only have to pay $95,000.

In reply, petitioners stress that they applied additional discounted rates to the already negotiated hourly rates, meaning that they charged significantly less than their standard billing

**159132/2021   NYP HOLDINGS, INC. ET AL vs. NEW YORK CITY POLICE DEPARTMENT ET AL**          **Page 2 of 6**
  **Motion No.  003**

2 of 6

[* 2]

amount. They claim that these rates are therefore reasonable. With respect to the hours expended, petitioners point to the complexity of the issues in this proceeding and that NYPD obtained eight months of extensions only to abandon nearly every basis initially cited to justify withholding the records.

**Discussion**

As a preliminary finding, the Court holds that a hearing is required to assess the reasonableness of the fees demanded, including both the hourly rates and the hours charged. "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation. While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (*People's United Bank v Patio Gardens III, LLC*, 143 AD3d 689, 691, 38 NYS3d 262 [2d Dept 2016] [internal quotations and citations omitted]).

A hearing is required here so that this Court can properly evaluate the bills and rates charged by petitioners.

However, in this Court's view, it must make additional findings regarding the scope of this hearing. Critically, this Court must consider whether or not petitioners are entitled to charge for fees incurred as a result of arguments raised by an intervenor. The Court finds that petitioners are entitled to seek such fees and need not separate out fees incurred for each respondent.

As petitioners point out, there are very few cases concerning this issue—whether a successful petitioner in a FOIL proceeding can recover reasonable legal fees where some amount

**159132/2021 NYP HOLDINGS, INC. ET AL vs. NEW YORK CITY POLICE DEPARTMENT ET AL** **Page 3 of 6**
**Motion No. 003**

3 of 6

[* 3]

of those fees was incurred due to arguments raised by an intervenor. However, they cite to a federal FOIA case in which a federal judge awarded legal fees incurred largely due to efforts advanced by an intervenor (*Detention Watch Network v United States Immigration and Customs Enf't*, 14 CIV. 583 (LGS), 2019 WL 442453, at *4 [SD NY 2019]). As the federal court held, "Because the Government did not acquiesce to Plaintiffs' claims during the pendency of the appeals -- and instead stood by while Defendant-Intervenors sought to defend the Government's actions on appeal -- Plaintiffs' appellate work was made necessary by the Government's opposition" (*id.* [internal quotations and citation omitted]).

Similarly, here, NYPD let the PBA advance arguments that sought to defend NYPD's decision not to disclose these records both before this Court and before the First Department (and apparently before the Court of Appeals). NYPD only advanced a "burdensome" argument before this Court but PBA raised all manner of arguments, including a relatively complex issue involving whether or not a recently passed statute had retroactive effect.

The fact is that the NYPD did not oppose the PBA's intervention and, for some reason, it decided to abandon arguments that the PBA advanced on behalf of the NYPD. In doing so, NYPD took the chance that petitioners would be successful under a statutory scheme that contemplates the awarding of legal fees should a petitioner prevail.

If NYPD did not agree with PBA's arguments, it could have certainly given the documents to petitioner rather than let the PBA offer substantial opposition. Instead, it stood by and allowed PBA to make those arguments on its behalf. NYPD cannot reap the benefit of having another entity make arguments on its behalf and cause petitioners to incur legal fees only to then assert it need not pay those fees. In this Court's view, that runs contrary to the purpose of the legal fees provision under FOIL. "The award of attorney's fees is intended to create a clear

deterrent to unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the requirements of FOIL" (*Matter of S. Shore Press, Inc. v Havemeyer*, 136 AD3d 929, 931, 25 NYS3d 303 [2d Dept 2016] [internal quotations and citations omitted]).[1]

If the Court were to deny petitioners the right to recover legal fees incurred as a result of the PBA's actions, then it would, in this Court's view, create a glaring loophole. It would permit agencies to find intervenors to make arguments on their behalf in FOIL proceedings and force petitioners to incur legal fees only to be forbidden from seeking those fees based solely on the technicality that the agency did not make those arguments. As noted above, NYPD did not oppose the PBA's motion to intervene or make any efforts to oppose the arguments advanced by the PBA. And they initially appealed this Court's decision, only to later withdraw it. This Court cannot allow NYPD and PBA to, essentially, wink at each other at petitioner's expense.

The Court also grants petitioners' demand for the fees incurred in this motion. While NYPD claims that petitioners are not entitled to recover fees on fees, this Court disagrees. NYPD did not cite any binding caselaw for this proposition. Moreover, this Court finds that requiring a party to make a motion for fees typically reduces the overall fees incurred. Sometimes, parties reach a settlement prior to submission of the motion or the Court is able to determine the amount to be awarded without holding a hearing, an obviously more expensive endeavor. But the fact is that the statute contemplates the recovery of reasonable litigation fees incurred in a proceeding (Public Officers Law § 89[4][c]); the proceeding necessarily involves the efforts to obtain those fees.

---

[1] No one argues that the PBA must pay the requested legal fees and so a decision about apportioning fees amongst the respondents is not ripe for review.

**159132/2021   NYP HOLDINGS, INC. ET AL vs. NEW YORK CITY POLICE DEPARTMENT ET AL**          **Page 5 of 6**
  **Motion No.  003**

[* 5]

For this same reason, petitioners will be entitled to recover legal fees incurred in the preparation for the hearing and for the hearing itself (provided that petitioners substantially prevail in the hearing). NYPD has, as it is absolutely entitled to do, raised issues about the reasonableness of the amount sought by petitioners and has demanded a hearing. Petitioners need not be required to prepare for, and hold, such a hearing without the ability to recover for the time expended (assuming that petitioners can show their demanded amount is reasonable).

Accordingly, it is hereby

ORDERED that petitioners' motion for legal fees shall be determined at a hearing in accordance with the findings above. That hearing shall take place in person on June 6, 2024 at 10 a.m.

_5/13/2024_
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159132/2021   NYP HOLDINGS, INC. ET AL vs. NEW YORK CITY POLICE DEPARTMENT ET AL          Page 6 of 6**
**Motion No.  003**

6 of 6

[* 6]